UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **HALLIBURTON ENERGY SERVICES, INC.,** <br> PLAINTIFF | MISC. ACTION NO. 1:06MC001 <br> (WATSON, J.) <br> (HOGAN, M.J.) |
| VS. | |
| **M-I, LLC,** <br> DEFENDANT | |

### ORDER

Before the Court is Defendant's Motion to Compel the Production of Documents from Cognis Corporation (Doc. 7), Cognis Corporation's Memorandum in Opposition (Doc. 8) and Defendant's Reply (Doc. 9). Oral argument took place on August 24, 2006 and the matter was taken under advisement for decision. As one might surmise, the document dispute was preceded by an unsuccessful subpoena from Defendant to Cognis, a non-party. Plaintiff's case, pending in the Eastern District of Texas, is about patent infringement regarding a patent, described by the parties as the "832 patent," which relates to Thinners used in drilling fluids. Cognis' parent company is Cognis GmbH, a German corporation. Defendant asserts that the documents it seeks are held by the parent company or a German affiliate, but asserts that the documents are, nevertheless, in the custody, control and possession of Cognis, an American company.

Defendant lists a number of factors that Courts should consider in determining whether a non-party subsidiary has "control" over documents in the custody of a parent company. These factors are: (1) commonality of ownership, (2) exchange or intermingling of directors, (3) the exchange of documents in the ordinary course of business, (4) the non-party's connection to the transaction at issue, (5) any benefit or involvement by the non-party corporation in the litigation, (6) a subsidiary's marketing and/or servicing of the parent company's products, and (7) the financial relationship between the companies. See *Afros S.P.A v. Krauss-Maffei Corp.*, 113 F.R.D. 127 (D. Delaware. 1986). It is apparent that the term "control," often referred to in

common day parlance as "power" to compel means something different in the context of the issue that is before the Court today.  Instead, "control" means "the ability to obtain" and the latter is derived from the closeness, connection and practical interaction between the parties.  *In re Bankers Trust Co.,* 61 F3d 465 (6th Cir. 1995).  If "control" and "power" were equivalent terms, application of the above factors would make no sense, since no subsidiary, by definition, would have the power to compel the parent company to do anything.

      Cognis asserts and Defendant does not deny that Cognis and Cognis GmbH have commonality of ownership.  Cognis GmbH owns all of the stock of Cognis and there is an overlapping of directors and officers.  It is not disputed that Cognis GmbH uses a consolidated annual report and functions as an integrated organization with Cognis as one of its affiliates.  It is also undisputed that Cognis accounts for approximately 25% of the total sales of Cognis GmbH.  It is not disputed that the parent and subsidiary have similar websites and a unified marketing strategy.

      What is, perhaps, disputed is whether the parent and subsidiary exchange documents in the ordinary course of business because Defendant offers no direct proof on that subject, but it may logically be inferred that such is true by virtue of the undisputed relationship between the parties and some of the exhibits.  What is also disputed is the connection of Cognis to the transaction in question, which in this case could be construed as either as Halliburton's patent application or Defendant M-1's alleged infringement of the "832 patent."  There is no proof that Cognis had anything to do with the "transaction."   If Halliburton were to be unsuccessful in the underlying case, Cognis GmbH as an assignee of the patent, would suffer financially as would Cognis who is responsible for approximately 25% of the total sales of Cognis GmbH.  The converse is obviously true because the sale of drilling fluids by Cognis would be adversely affected by the invalidity of the patent.

      While this Court might consider the relation to the transaction to be weighed more heavily than some of the other factors, we must conclude that Defendant has tipped the scales in its direction on six of the above seven factors and has established a close connection between parent and subsidiary.  This relationship is sufficiently close that we must conclude that Cognis has the ability to produce the documentation requested by Defendant.

      There is, however, one more twist that deserves consideration.  Cognis asserts that the division of Gognis GmbH responsible for Thinners is not Cognis, but Oilfield Chemicals, a

German subsidiary and that any documents related to intellectual property are held by Cognis IP Management GmbH, also a German subsidiary. Both these German entities are subsidiaries of Cognis GmbH and in a vertical relationship to Cognis GmbH. Cognis, however, is in a sibling or horizontal relationship to both German subsidiaries. Since Cognis GmbH has the power to control all its subsidiaries is the real sense of the word, we regard the distinction raised by Cognis to be feckless. See *Uniden Am. Corp. v. Ericsson*, 181 F.R.D. 302 (M.D.N.C. 1998).

Defendant's Motion to Compel is granted. Since no issue was raised regarding the scope of the subpoena previously issued to Cognis, it shall provide the requested documents within thirty days.

s/Timothy S. Hogan

October 27, 2006  _____

Timothy S. Hogan
United States Magistrate Judge